## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff-Respondent.

v.                                 **CIV-05-0173 RB/LAM**
                                 **CR- 03-2010 RB**

LUIS CARLOS MACIAS-LOPEZ,

      Defendant-Movant,

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

1.    **THIS MATTER** is before the Court on *Petitioner's Motion Pursuant to 28 U.S.C. § 2255 and Unconstitutional Enhancements Pursuant to Blakely v. Washington (Doc. 1)*,[2] filed on February 15, 2005 (hereinafter, "Motion"). In support of the Motion, Luis Carlos Macias-Lopez (hereinafter, "Macias-Lopez") filed his *Defendant's Affidavit in Support of Motion Pursuant to 28 U.S.C. § 2255 (Doc. 2)* (hereinafter, "Affidavit"). The Affidavit contains additional claims which are described below. In response to the Motion and the Affidavit, Respondent filed its *Respondent United States' Answer in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Doc. 13)* (hereinafter, "Answer"). Additionally,

---

[1] **Within ten (10) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

[2] Unless otherwise noted, all referenced document numbers are from Case No. CIV-05-0173.

in response to the Motion and the Affidavit, Mario A.R. Carreon, the trial attorney for Macias-Lopez in his criminal case, filed his ***Trial Counsel's Affidavit in Response to Motion Pursuant to 28 U.S.C. § 2255 and Blakely v. Washington*** (*Doc. 9*) (hereinafter, "Carreon Affidavit"), and his ***Trial Counsel's Response to Motion Pursuant to 28 U.S.C. § 2255 and Blakely v. Washington*** (*Doc. 10*) (hereinafter, "Carreon's Response to Motion").

2.      The claims asserted by Macias-Lopez in the Motion were dismissed with prejudice by District Judge Robert C. Brack on April 12, 2005; however, Judge Brack deferred ruling on the claims raised by Macias-Lopez in the Affidavit and these are the sole remaining claims to be decided.[3]

3.      Judge Brack referred the claims raised in the Affidavit to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.[4]  Having considered the parties' submissions, relevant law and the record in Case No. CR-03-2010,  the undersigned recommends, for the reasons set forth below, that the ineffective assistance of counsel claims raised in Macias-Lopez' Affidavit be **DENIED**, without an evidentiary hearing, and this case be **DISMISSED WITH PREJUDICE**.

### Procedural Background

4.      On or about August 24, 2003, Macias-Lopez was arrested in New Mexico.[5]  On August 25, 2003, he was charged by criminal complaint with reentry by a deported alien previously

---

[3]*See **Memorandum Opinion and Order** (Doc. 4),* filed on April 12, 2005.

[4]*See **Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals and Prisoner Cases** (Doc. 3),* filed on March 10, 2005.

[5]*See **Criminal Complaint** (Doc. 1),* filed in Case No. 03-5768M.

convicted of an aggravated felony in violation of 8 U.S.C. § 1326(b)(2).[6]   Attorney Mario A.R. Carreon was appointed to represent him in connection with the charges.[7]   On August 27, 2003, Macias-Lopez waived preliminary hearing and presentment of his case to a grand jury within thirty days of his arrest.[8]

5.   On October 16, 2003, Macias-Lopez waived his right to be indicted and consented to plead guilty instead to an Information before Magistrate Judge Robert H. Scott.[9] At a plea hearing conducted by Judge Scott on October 16, 2003, Macias-Lopez pled guilty and was convicted of reentry by a deported alien previously convicted of an aggravated felony pursuant to 8 U.S.C. §§ 1326(a)(1) and (2) and (b)(2).[10]

6.   On January 8, 2004, Judge Brack sentenced Macias-Lopez to forty-six months of imprisonment, two years of unsupervised release and a special penalty assessment of $100.00.[11] His sentence was due, in part, to his prior aggravated felony conviction.  *See* 8 U.S.C. § 1326(b)(2).  He did not appeal his conviction or sentence.  In his Motion and Affidavit, Macias-Lopez does not deny that he was previously deported after committing an aggravated felony.  Nor does he deny that he

---

[6]*Id.*

[7]*See **CJA 20 Appointment of and Authority to Pay Court Appointed Counsel** (Doc. 4)*, filed in Case No. 03-5768M.

[8]*See **Waiver of Preliminary Hearing and Continuance of Grand Jury Presentment Order Tolling Speedy Trial Time Computation** (Doc. 6)*, filed in Case No. 03-5768M.

[9]*See **Waiver of Indictment** (Doc. 9)* and ***Consent to Proceed Before United States Magistrate Judge in a Felony Case** (Doc. 10)*, both filed in Case No. CR-03-2010.

[10]*See **Information** (Doc. 8)* and ***Minute Sheet for Taking a Plea** (Doc. 11)*, both filed in Case No. CR-03-2010.

[11]*See **Sentencing Minute Sheet** (Doc. 14)* and ***Judgment in a Criminal Case**  (Doc. 13)*, both filed in Case No. CR-03-2010.

committed, and was convicted of, the aggravated felony of battery on a peace office at issue in his charges.

7.     On February 15, 2005, Macias-Lopez filed his Motion under 28 U.S.C. §2255 asserting claims of illegal sentence and ineffective assistance of counsel.  On the same date, Macias-Lopez filed his Affidavit, which Judge Brack subsequently construed as asserting additional claims of ineffective assistance of counsel.[12]

8.     On April 12, 2005, Judge Brack entered a **Memorandum Opinion and Order** (*Doc. 4*) dismissing, with prejudice, the claims of illegal sentence and ineffective assistance of counsel asserted in the Motion and deferring decision on the additional claims of ineffective assistance of counsel raised in the Affidavit.  Thus, the sole remaining claims to be decided are the ineffective assistance of counsel claims raised in the Affidavit.

<u>**Plaintiff's Claims**</u>

9.     Macias-Lopez is a federal inmate appearing *pro se* who is incarcerated in New York under a judgment entered in this Court on January 8, 2004.[13]  Because Macias-Lopez is a *pro se* litigant, his Affidavit must be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

10.     In his Affidavit, Macias-Lopez contends that his attorney provided ineffective assistance of counsel in connection with his guilty plea by failing to fully explain his case and his guilty plea, and by failing to tell him that a prior conviction was going to be used to enhance his sentence.[14]

---

[12]*See **Memorandum Opinion and Order** (*Doc. 4*) at 3.

[13]*See **Judgment in a Criminal Case**  (*Doc. 13*), filed in Case No. CR-03-2010.

[14]*See **Defendant's Affidavit in Support of Motion Pursuant to 28 U.S.C. § 2255** (*Doc. 2*) at 2.

Macias-Lopez also appears to contend that his plea was not knowing and voluntary because (1) his attorney told him that the attorney would signal him to answer either "yes" or "no" when the judge questioned him during the plea hearing, and (2) his attorney coerced and threatened him by telling him that he was "definately[*sic*][]going to receive a 20 (twenty) year prison sentence," and that the only time he was going to see his family "was in a prison visiting room."[15]  In the Affidavit, Macias-Lopez states that he would not have pled guilty if he had been properly informed of what was taking place and that he would have opted, instead, to proceed to trial.[16]

11.     The Affidavit does not contain a prayer for relief; however, it appears from the Affidavit that Macias-Lopez is asking the Court to vacate and set aside the judgment entered in Case No. CR-03-2010, and allow him to withdraw his guilty plea and go to trial.

12.     On May 5, 2005, Respondent United States of America (hereinafter, "United States") was ordered to file an answer to the ineffective assistance of counsel claims raised by Macias-Lopez in his Affidavit.[17]  In its Answer, the United States argues that (1) the performance of Macias-Lopez' counsel was not ineffective under the standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), (2) the guilty plea entered by Macias-Lopez was knowing and voluntary, and (3) Macias-Lopez is not entitled to an evidentiary hearing because his claims are without merit and fail to satisfy the elements of the *Strickland* standard.[18]

---

[15]*Id.*

[16]*Id.*

[17]*See*  **Order** (*Doc. 5*).

[18]*See* Answer (*Doc. 13*).

13.     On July 12, 2005, Mario A.R. Carreon, the trial attorney for Macias-Lopez, filed his response to the Motion and supporting affidavit in which he denies Macias-Lopez' allegations of ineffective assistance of counsel and provides specific, supporting factual allegations.[19]

### Ineffective Assistance of Counsel

14.     In cases like this one, where the defendant has pled guilty, the only non-jurisdictional means of challenging a conviction is to claim that a plea was not knowing and voluntary.  *See Mabry v. Johnson*, 467 U.S. 504, 508-509 (1984); *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995).  Performance by defense counsel that is constitutionally deficient can render a plea involuntary.  *See  Romero v. Tansy*, 46 F.3d at 1033.

15.     Counsel's performance is measured by the two-pronged standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on an ineffective assistance of counsel claim under the *Strickland* standard, it must be shown that (1) the attorney's performance fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by his attorney's deficiencies.  *Id.* at 687-688.  Both showings must be made to satisfy the *Strickland* standard.  *Id.* at 687.  A showing of unreasonable performance requires that Macias-Lopez overcome the strong presumption that his counsel's conduct was within the wide range of reasonable professional assistance.  *Id.* at 689.  Additionally, because Macias-Lopez pled guilty, the prejudice prong of the *Strickland* standard requires him to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Although Macias-Lopez alleges in his Affidavit that he would not have pled guilty if he "had . . . been properly informed of what was taking place" and

---

[19]*See* Carreon's Response to Motion (*Doc. 10*) and Carreon Affidavit (*Doc. 9*).

"would have opted for a trial,"[20] this conclusory allegation alone does not satisfy the prejudice prong of the *Strickland* standard. *See United States v. Arvanitis*, 902 F.2d 489, 494 (7th Cir. 1990) (defendant's mere allegation that but for his counsel's defective performance he would have insisted on going to trial is insufficient to establish prejudice).

16.    After carefully reviewing the record, the undersigned concludes that Macias-Lopez has failed to show that Mr. Carreon's performance fell below an objective standard of reasonableness or that Macias-Lopez was prejudiced by Mr. Carreon's alleged deficiencies.

17.    Macias-Lopez contends that Mr. Carreon provided ineffective assistance of counsel because he failed to fully explain to Macias-Lopez his case and his guilty plea, and failed to tell Macias-Lopez that a prior conviction was going to be used to enhance his sentence.[21]   However, Mr. Carreon's affidavit refutes these contentions and Macias-Lopez offers only conclusory allegations to the contrary.[22]   *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (even *pro se* litigants

---

[20]*Affidavit* (*Doc. 2*) at 2.

[21]*See Affidavit* (*Doc. 2*) at 2.

[22]In his affidavit, Mr. Carreon acknowledged  that he was appointed as trial counsel for Macias-Lopez. *See* Carreon Affidavit (*Doc. 9*), ¶¶ 1-2. Mr. Carreon stated that on September 22, 2003, he reviewed seventy-four pages of discovery provided by the United States, which included a copy of a judgment indicating that Macias-Lopez had previously been convicted of battery on a peace officer and possession of a controlled substance, both fourth degree felonies, and also conducted research under New Mexico law and federal law which led him to determine that battery on a peace officer was an aggravated felony under federal law that could subject Macias-Lopez to an additional 16-level sentencing enhancement under the federal sentencing guidelines. *Id.*, ¶¶ 4-5. Mr. Carreon stated that he met with Macias-Lopez on September 23, 2003, at which time he reviewed the seventy-four pages of discovery, including the judgment evidencing Macias-Lopez' prior conviction of battery on a peace officer, and also reviewed police reports and facts pertaining to the case. *Id.*, ¶ 6. Mr. Carreon stated that during this meeting he discussed defenses with Macias-Lopez but none were identified and that Macias-Lopez concurred that the case was not defensible because it appeared that the government had sufficient evidence to prove all the elements of the offense. *Id.* Mr. Carreon stated that during this meeting he explained that the United States had advised that Macias-Lopez was not eligible for a fast-track plea offer and, after asking Macias-Lopez about his criminal history, that he discussed the possibility of Macias-Lopez pleading guilty to an information in order to receive a 3-level reduction in his sentence for acceptance of responsibility. *Id.*, ¶ 7. Mr. Carreon stated that during this meeting he explained to Macias-Lopez that Carreon had calculated a criminal history category of IV under the sentencing guidelines, exposing Macias-Lopez to a sentence of fifty-seven to seventy-one months, and that this calculation included a 16-level enhancement for an aggravated felony

(continued...)

must allege sufficient facts on which a recognized legal claim could be based, and conclusory allegations without supporting factual averments will not suffice).  Moreover, the testimony of Macias-Lopez during his plea hearing undermines his claim that his attorney did not explain the case or the plea to him and, therefore, was constitutionally ineffective.

18.     Macias-Lopez appeared before Judge Scott at a plea hearing on October 16, 2003, and entered a plea of guilty to the charges set forth in the information.[23]  At the plea hearing, which was translated from English to Spanish and Spanish to English by a court interpreter, Macias-Lopez stated to Judge Scott that he had been given a copy of the information which had been read to him in Spanish; that he had had enough time to discuss the charges in the information with his attorney; and that he was satisfied with the services of his attorney.[24]  The relevant exchange between Judge Scott and Macias-Lopez was as follows:

---

[22](...continued)
for the prior conviction of battery on a peace officer.  *Id.*  Mr. Carreon stated that during this meeting he explained to Macias-Lopez that he had the right to a jury trial but that he was not likely to receive the 3-level reduction for acceptance of responsibility if he was convicted after trial and that this would likely result in a sentence at offense level 24, exposing Macias-Lopez to a sentence of seventy-seven to ninety-six months.  *Id.* Mr. Carreon also stated that during this meeting he advised Macias-Lopez that it was possible to receive a 2-level enhancement for obstruction of justice if the court made a finding that he had testified untruthfully at trial.  *Id.*  According to Mr. Carreon's affidavit, the presentence report subsequently placed Macias-Lopez at a criminal history category of III.  *Id.*  Mr. Carreon also stated that during this meeting with Macias-Lopez he informed Macias-Lopez of his constitutional rights and informed him that he would be waiving his constitutional rights if he chose to plead guilty to the charges.  *Id.,* ¶ 8.  Mr. Carreon stated that during this meeting he explained to Macias-Lopez all the ramifications of his guilty plea which were repeated by the Court when the plea was taken.  *Id.,* ¶ 9.  Mr. Carreon stated that he never coerced or threatened Macias-Lopez into taking a plea; that he did not inform M,acias-Lopez that he was going to receive a twenty-year prison sentence if he proceeded to trial; and that he never told Macias-Lopez that the only time he was going to see his family was in a prison visiting room.  *Id.,* ¶10.  Mr. Carreon also stated that he never told Macias-Lopez that the judge would ask him questions while he was taking his plea and that Carreon would signal Macias-Lopez to answer the judge either "yes" or "no."  *Id.,* ¶11.

[23]*See* Transcript of Proceedings of Plea Hearing on October 16, 2003 (hereinafter, "***TR***"), at 1-2, 6.

[24]The Court notes that Macias-Lopez also acknowledged having been advised of the nature of the charges against him and his rights in the ***Waiver of Indictment*** (*Doc. 9*), filed on October 16, 2003.

THE COURT:  Have you been given a copy of the Information in this case and had it read to you in Spanish?

THE DEFENDANT:  Yes.

THE COURT:  In that Information you are charged with reentry of a deported alien previously convicted of an aggravated felony.  Have you had enough time to discuss these charges with your attorney?

THE DEFENDANT:  Yes.

THE COURT:  Are you satisfied with the representation that your attorney has given to you?

THE DEFENDANT:  Yes.

*TR at 3.*

19.     Macias-Lopez also indicated to Judge Scott, during the following testimony at the plea hearing, that he was pleading guilty voluntarily; that the government's statement of facts that could be proved at trial was true and correct; and that he understood the maximum sentence that could be imposed as a result of his plea:

THE COURT:  Were any promises made to you in order to get you to plead guilty this morning?

THE DEFENDANT:  No.

THE COURT:  Are you pleading guilty voluntarily because you are guilty?

THE DEFENDANT:  Yes (in English).

. . . .

THE COURT:  In order to plead guilty, there must be a factual basis for your plea.  I'm going to ask the Assistant United States Attorney to state the facts that she believes could be proven at trial.  I'm then going to ask you if these facts are true and correct or, in the alternative, if you wish to challenge any of them or ask that they be modified.

Counsel, you may proceed.

9

MS. ABERNATHY:  On August 24th of this year, Border Patrol agents encountered the defendant in Las Cruces, in Dona Ana County, New Mexico. Immigration records would show that the defendant is a citizen of Mexico illegally present in the United States and that he had been previously deported on May 9th, 2003, after a felony conviction for battery on a peace officer and that he had not received the consent of the appropriate authorities to reenter the United States.

THE COURT:  Are those facts true and correct, sir?

THE DEFENDANT:  Yes.

THE COURT:  Are there any of them that you want to challenge or ask to be modified?

THE DEFENDANT:  No.

. . . .

THE COURT:  All right.  As you are pleading to the Information, I'm going to now ask the Assistant United States Attorney to advise you as to the maximum possible penalty under that Information.

MS. ABERNATHY:  Not more than 20 years of imprisonment, not more than a $250,000 fine, not more than three years of supervised release and a hundred dollar special penalty.

THE COURT:  Do you understand that that is the maximum penalty?

THE DEFENDANT:  Yes.

**TR at 4-5.**

20.     At the conclusion of the plea hearing, Judge Scott made the following finding:

THE COURT:  It is the finding of the Court that the defendant is fully competent and capable of entering an informed plea; that the defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntarily [sic] plea supported by independent evidence of the elements of the offense charged.  Your plea of guilt [sic] is, therefore, accepted by the Court, and you are adjudged guilty of the offense.

**TR. at 6.**

21.     A defendant's statements on the record, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (quoted in *Romero*, 46 F.3d at 1033). "Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74 (citations omitted).

22.     Macias-Lopez' conclusory allegations of ineffective assistance of counsel are refuted in his counsel's affidavit.  Additionally, Macias-Lopez admitted in open court, under oath, that he was given sufficient time to discuss the charges against him with his attorney and that he was satisfied with the representation of his attorney.  Judge Scott specifically found that Macias-Lopez was competent and capable of entering an informed plea; that he was aware of the nature of the charges against him and the consequences of his plea; and that his plea was knowing and voluntary and supported by independent evidence of the elements of the offense charged.  Based on the foregoing, the undersigned finds that Macias-Lopez has failed to show that Mr. Carreon's performance fell below an objective standard of reasonableness.

23.     Nevertheless, even if Mr. Carreon's performance was constitutionally deficient, as Macias-Lopez alleges, his claim of ineffective assistance of counsel fails because he has not made the requisite showing of prejudice.  Macias-Lopez has failed to show that there is a reasonable probability that, but for Carreon's alleged failure to fully explain the charges against him and his plea, he would have insisted on going trial.  The excerpts from the record quoted above show that prior to accepting Macias-Lopez' guilty plea, Judge Scott described the charges against him and had the Assistant United States Attorney explain both the factual basis for the charges, including Macias-Lopez'

11

previous deportation and previous felony conviction for battery on a peace officer, and the maximum possible penalty that could be imposed as a consequence of the plea. Given the fact that Macias-Lopez pled guilty even after being given this explanation, his conclusory allegation that he would have insisted on going to trial but for Carreon's failure to fully explain the charges and the plea is insufficient to establish prejudice. *See Stafford v. Saffle*, 34 F.3d 1557, 1564-65 (10th Cir. 1994) (conclusory allegations not sufficient to show prejudice under *Strickland* standard). Moreover, Macias-Lopez has made no showing that he was likely to have been acquitted, or if convicted given a lesser sentence, if he had gone to trial.

### Knowing and Voluntary Plea

24.     A guilty plea is a waiver of the constitutional right to a trial and, therefore, must be knowing and voluntary. *See Brady v. United States*, 397 U.S. 742, 748 (1970). A plea is knowing if it is an intelligent act done with sufficient awareness "of the relevant circumstances and likely consequences." *Id.* A plea is voluntary if it is made free of threats, misrepresentations or improper promises such as bribes. *Id.* at 755. In his Affidavit, Macias-Lopez appears to contend that his plea was not knowing and voluntary because Mr. Carreon told him that he would signal him to answer "yes" or "no" to the judge's questions during the plea hearing and also because Mr. Carreon allegedly coerced and threatened him by telling him that he would receive a twenty year sentence and would only see his family in jail. Macias-Lopez does not allege that his attorney actually signaled him how to answer during the plea hearing, and there is no evidence of this in the transcript of the plea hearing.

25.     The transcript of the plea hearing held on October 16, 2003, which contains the plea colloquy between Judge Scott and Macias-Lopez and also Judge Scott's findings at the end of the hearing, indicates that Macias-Lopez' plea was knowing and voluntary, notwithstanding his

conclusory allegations to the contrary.  As described above, the charges against Macias-Lopez and

the consequences of the charges were described to him during the plea hearing.  Additionally, during

the plea hearing, while he was under oath, Macias-Lopez gave the following testimony indicating that

his plea was voluntary and not based on any promises or coercion:

> THE COURT:  All right.  Has anyone coerced you in any way to get you to plead guilty this morning?
>
> THE DEFENDANT: No.
>
> . . . .
>
> THE COURT:  Were any promises made to you in order to get you to plead guilty this morning?
>
> THE DEFENDANT:  No.
>
> THE COURT:  Are you pleading guilty voluntarily because you are guilty?
>
> THE DEFENDANT:  Yes.  (In English).

***TR. at 3-4.***

At the conclusion of the plea hearing, Judge Scott specifically found, with regard to Macias-

Lopez, that "the defendant is aware of the nature of the charges and the consequences of the plea,

and that the plea of guilty is a knowing and voluntarily [sic] plea supported by independent evidence

of the elements of the offense charged."   TR at 6.

26.    Based on a review of the record, including the transcript of the plea hearing, and the

parties' submissions, the undersigned finds that the conclusory allegations in Macias-Lopez' Affidavit

are insufficient to overcome the formidable barrier of Macias-Lopez' statements on the record during

the plea hearing and Judge Scott's findings at the end of the plea hearing indicating that Macias-

Lopez' guilty plea was knowing and voluntary.

**Evidentiary Hearing**

27.     Because the Affidavit and the files and records in Case No. CR-03-2010 conclusively show that Macias-Lopez is entitled to no relief, an evidentiary hearing is not required.  *See* 28 U.S.C. § 2255 (evidentiary hearing not required if §2255 motion and files and records of the case "conclusively show that the prisoner is entitled to no relief"); *see also United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996) (district court is required to conduct an evidentiary hearing under §2255, "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.") (internal quotation marks and citations omitted).  Conclusory allegations are not sufficient to warrant an evidentiary hearing on ineffective assistance of counsel.  *See Hatch v. State of Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995) (overruled in part on other grounds by *Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

**RECOMMENDED DISPOSITION**

For the foregoing reasons, the undersigned recommends that the ineffective assistance of counsel claims raised in *Defendant's Affidavit in Support of Motion Pursuant to 28 U.S.C. § 2255* (*Doc. 2*) be **DENIED**, without an evidentiary hearing, and this case be **DISMISSED WITH PREJUDICE**.

_Lourdes a. Martínez_
_____
**Lourdes A. Martínez**
**United States Magistrate Judge**

14